**United States District Court**
For the Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**FILED**

JAN 2 2 2010

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JOGA S. SANDHER,

               Petitioner,

  vs.

JAMES A. YATES, Warden,

               Respondent.

No. C 08-5793 PJH (PR)

**ORDER GRANTING
RESPONDENT'S MOTION TO
DISMISS**

     This is a habeas case brought pro se by a state prisoner under 28 U.S.C. § 2254. Respondent has filed a motion to dismiss on grounds that the petition is barred by the statute of limitations. Petitioner has filed an opposition and respondent has replied. For the reasons set out below, the motion will be granted.

**DISCUSSION**

     Respondent contends that this petition is barred by the statute of limitations. The statute of limitations is codified at 28 U.S.C. § 2244(d). Petitions filed by prisoners challenging non-capital state convictions or sentences must be filed within one year of the latest of the date on which: (A) the judgment became final after the conclusion of direct review or the time passed for seeking direct review; (B) an impediment to filing an application created by unconstitutional state action was removed, if such action prevented petitioner from filing; (C) the constitutional right asserted was recognized by the Supreme Court, if the right was newly recognized by the Supreme Court and made retroactive to cases on collateral review; or (D) the factual predicate of the claim could have been discovered through the exercise of due diligence. 28 U.S.C. § 2244(d)(1). Time during which a properly filed application for state post-conviction or other collateral review is

1   pending is excluded from the one-year time limit.  *Id.* § 2244(d)(2).

2        Respondent asserts, and petitioner does not dispute, that he was convicted in 2000

3   and that direct review was completed on August 13, 2003.  The petition in this case was

4   filed on December 12, 2008, roughly five years and four months after the completion of

5   direct review.

6        The limitations clock is stopped for the time a properly filed application for state

7   post-conviction or other collateral review is pending.  Petitioner's first state petition was

8   filed in superior court on November 25, 2003, and denied on December 9, 2003.[1]  His

9   petition in the court of appeal was filed on January 27, 2004, and denied on January 30,

10  2004.  His petition in the supreme court was filed on March 29, 2004, and denied on

11  February 2, 2005.

12       Petitioner began another round of state habeas petitions with a filing in the court of

13  appeal on September 2, 2005.  It was denied on September 23, 2005.  Petitioner then filed

14  a petition in the supreme court on June 16, 2008.  It was denied as untimely on November

15  19, 2008.

16       Because petitioner's last state habeas petition, the one filed in the Supreme Court of

17  California on June 16, 2008, was denied as untimely, it is was not "properly filed" as

18  required by 28 U.S.C. § 2244(d)(2), and petitioner is not entitled to tolling for the period

19  when it was pending.  *See Carey v. Saffold*, 536 U.S. 214, 226 (2002).  For the same

20  reason he is not entitled to "gap tolling" for the period between the court of appeal denial

21  and his filing in the supreme court, about two years and nine months.  *See id.* at 122-23 (if

22  California Supreme Court clearly rules that delay in filing in that court was unreasonable,

23  petitioner not entitled to gap tolling).  The consequence of this is self-evident: about two

24  years and nine months passed in the gap, and another four months while the improperly-

25  filed petition was pending in the supreme court.  Because he is not entitled to tolling for any

26  of that period, this petition obviously is untimely, absent some reason not to apply the

27  ──────────────────

28      [1] Petitioner does not dispute the dates of his state petitions, which are those provided by respondent.

United States District Court<br>For the Northern District of California

United States District Court
For the Northern District of California

1   above analysis.

2           Petitioner contends that the date of filing his federal petition should "relate back" to

3 the date of filing of his first state habeas petition in the California Supreme Court, March 4,

4 2004. He misunderstands the relation-back rule. In federal court an amendment may, in

5 some circumstances, "relate back" to the date of filing of the "the original pleading." *See*

6 Fed. R. Civ. P. 15(c)(1). Because a federal habeas petition is in no way an amendment to

7 a state habeas petition, and the state petition is in no way the "original pleading" of the

8 federal case, the rule does not apply here.

9           Petitioner also contends that the statute of limitations should not bar this petition

10 because he is "actually innocent." The Ninth Circuit has stated in dictum that the actual

11 innocence gateway established in *Schlup v. Delo*, 513 U.S. 298 (1995), for procedural

12 defaults also may be available to a petitioner whose petition is otherwise barred by

13 AEDPA's limitations period. *See Majoy v. Roe*, 296 F.3d 770, 776-77 (9th Cir. 2002)

14 (implying that unavailability of actual innocence gateway would raise serious constitutional

15 concerns and remanding to district court for a determination of whether actual innocence

16 claim was established before deciding whether gateway is available under AEDPA).

17           To qualify for the actual innocence exception a habeas petitioner must show that "a

18 constitutional violation has probably resulted in the conviction of one who is actually

19 innocent." *Schlup v. Delo*, 513 U.S. 298, 327 (1995) (citing *Murray v. Carrier*, 477 U.S. at

20 496). The required new evidence must create a colorable claim of actual innocence, that

21 the petitioner is innocent of the charge for which he is incarcerated, as opposed to legal

22 innocence as a result of legal error. *Id.* at 321. "Actual innocence" means "factual

23 innocence," not merely legal insufficiency. *See Bousley v. United States*, 523 U.S. 614,

24 623-24 (1998).

25           Petitioner contends that he is actually innocent because his counsel was ineffective

26 in not contending that petitioner's mental illness made a *Miranda*[2] waiver invalid. This goes

27 _____

28         [2]   *Miranda v. Arizona*, 384 U.S. 436, 473-74 (1966).

3

1 | to legal innocence, not factual innocence.  Petitioner has failed to establish that the actual
2 | innocence exception applies here.

**CONCLUSION**

4 |     The petition in this case was filed far more than one year after completion of
5 | direct review, and petitioner has failed to show that any exceptions to the statute of
6 | limitations apply here.  Respondent's motion to dismiss (document number 9 on the
7 | docket) is **GRANTED**.  The petition is **DISMISSED**.  The clerk shall close the file.

8 |     **IT IS SO ORDERED.**

9 | Dated:   1/22/10

PHYLLIS J. HAMILTON
United States District Judge

**United States District Court**
For the Northern District of California

G:\PRO-SE\PJH\HC.08\SANDHER5793.DSM-SL.wpd

4