UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JOGA S. SANDHER,

    Petitioner,

vs.

JAMES A. YATES, Warden,

    Respondent.

No. C 08-5793 PJH (PR)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**

    This is a habeas case under 28 U.S.C. § 2254 filed pro se by a state prisoner. The court granted respondent's motion to dismiss in a ruling entered on January 22, 2010. Judgment was entered that day. Petitioner has filed a notice of appeal. Although he has not asked for a certificate of appealability, the notice of appeal will be deemed to constitute such a request. *See United States v. Asrar*, 116 F.3d 1268, 1270 (9th Cir. 1997).

    A petitioner may not appeal a final order in a federal habeas corpus proceeding without first obtaining a certificate of appealability. *See* 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b). Section 2253(c)(1) applies to an appeal of a final order entered on a procedural question antecedent to the merits, for instance a dismissal on statute of limitations grounds, as here. *See Slack v. McDaniel*, 529 U.S. 473, 483 (2000).

    "Determining whether a COA should issue where the petition was dismissed on procedural grounds has two components, one directed at the underlying constitutional claims and one directed at the district court's procedural holding." *Id.* at 484-85. "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim

of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* at 484. As each of these components is a "threshold inquiry," the federal court "may find that it can dispose of the application in a fair and prompt manner if it proceeds first to resolve the issue whose answer is more apparent from the record and arguments." *Id.* at 485. Supreme Court jurisprudence "allows and encourages" federal courts to first resolve the procedural issue, as was done here. *See id.*

The petition was dismissed because in his state habeas action petitioner waited nearly two years and nine months before proceeding from the California Court of Appeal to the California Supreme Court. As a consequence, the supreme court denied the petition as untimely, which in turn meant that petitioner was not entitled to tolling for the period between the court of appeal decision and that of the supreme court, a bit more than three years. Because these facts are clear, and petitioner's arguments to the contrary were insubstantial, the court's decision would not be found debatable by jurists of reason. The request for a certificate of appealability implied from the notice of appeal (document 16) is **DENIED**.

The clerk shall transmit the file, including a copy of this order, to the Court of Appeals. *See* Fed. R.App.P. 22(b); *Asrar*, 116 F.3d at 1270. Petitioner may then ask the Court of Appeals to issue the certificate, *see* R.App.P. 22(b)(1), or if he does not, the notice of appeal will be construed as such a request, *see* R.App.P. 22(b)(2).

**IT IS SO ORDERED.**

Dated: March 10, 2010.

PHYLLIS J. HAMILTON
United States District Judge

P:\PRO-SE\PJH\HC.08\SANDHER5793.COA-deny.wpd